AO 91 (Rev. 11/11) Criminal Complaint

TA

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 2:25-mj-564 |
| Robert Hicks, Jr. | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 9, 2025** in the county of **Noble** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & 841(b)(1)(B)(viii) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit incorporated herein by reference

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Karene Reiter, FBI
*Printed name and title*

Sworn to before me and signed in my presence.
Via Telephone

Date: 10/08/2025

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers
United States Magistrate Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| **In the matter of:** | : | Case No. 2:25-mj-564 |
| **United States of America** | : | |
| v. | : | **Magistrate Judge Deavers** |
| **Robert Hicks, Jr.** | : | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Karene Reiter, being duly sworn, depose and state that:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and, acting as such, I am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

2. I entered on duty at the FBI Academy in Quantico, Virginia in January, 2016. I am currently assigned to the to the FBI Cincinnati Division, Cambridge Resident Agency working violent crimes. I have been assigned to this squad since August, 2024. During my tenure as an FBI Agent, I have investigated numerous crimes including, but not limited to, bank robbery, drug trafficking, kidnapping, violent crimes against children, violent extremism, and fugitives.

3. During the course of my employment as an FBI Special Agent, I have participated in numerous complex national security investigations, both internationally and domestically, as well as investigations of criminal organizations involved in both the manufacturing and distribution of controlled substances. I have also participated in numerous investigations involving the use of federal and state search warrants to collect evidence, including controlled substances, the seizure of narcotics-related records, and other types of evidence that document the activities of criminal organizations in both the manufacturing and distribution of controlled substances. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources including physical and electronic surveillance, various types of infiltration (including informants, and cooperating sources), pen register and trap and trace devices, GPS and telephone tracking devices, trash covers, mail covers, pole cameras, stationary video recordings, and audio/video recording and transmitting devices. Additionally, I have participated in Title III wiretap investigations, pursuant to 18 U.S.C. § 2516, in the Northern District of Illinois (NDIL)

4. The facts set forth within this affidavit come from information provided by other law enforcement officers and reports. The information outlined below does not contain all details or all facts of

which I am aware relating to this investigation, but rather is provided for the limited purpose of establishing probable cause that Robert HICKS Jr. committed this offense.

### STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

5. This investigation is the result of efforts by the FBI in conjunction with the Noble County Sheriff's Office after a traffic stop on Interstate 77. As described within, law enforcement has become aware that HICKS is engaged in narcotics trafficking in the eastern Ohio area.

6. Your Affiant has reviewed a copy of HICKS' computerized criminal history and has found that HICKS has prior criminal arrests and/or convictions to include: 2014 – Aggravated Robbery With a Deadly Weapon in Akron, OH; 2016 –Aggravated Robbery in Akron, OH; 2017 –Possession of Drugs and Having Weapons While Under Disability in Akron, OH; 2019 – Drug Possession with Intent to Sell/Deliver a Controlled Substance and Possession of a Weapon, Parkersburg, WV; 2020 – Drug Possession with Intent to Manufacture or Deliver Narcotics, Parkersburg WV; 2020 – Possession of Drugs in Marietta, OH; 2021 – Obstructing an Officer in Wood County, WV; 2021 – Possession of Drugs and Obstruction of Official Business, Akron, OH; 2024 – Drug Possession with Intent to Deliver Narcotics, Charleston, WV.

7. On or about March 9th, 2025, Noble County Sheriff's Office conducted a traffic stop based on window tint in violation of Ohio law on a black Chrysler 300 travelling southbound on Interstate 77 bearing Ohio license plate KMZ5688, which returned to Erik Jones with an address in Cleveland. Upon contact with the driver, Erik Jones, and the passenger, Robert HICKS Jr., the deputy noticed HICKS was stiff, taking shallow breaths, and visibly shaking. The deputy observed a black duffle bag in the back seat; Jones stated that he owned a carpentry business, and they were heading to Charlotte for work.

8. At this time a second deputy measured the window and found it to be tinted over the legal limit. Both occupants were asked to exit the vehicle while a K-9 conducted a free-air sniff of the vehicle. The K-9 positively alerted to narcotics on the front driver's side open window. Based on the positive alert, the deputies then conducted a search of the vehicle.

9. During the search, a gray backpack was discovered on the passenger-side floorboard where HICKS was seated. Inside that bag was chips, a water bottle, and a grocery bag. Inside the grocery bag was a large plastic bag containing a white, rock-like substance. HICKS was then arrested, read his Miranda rights, and placed in the second deputy's vehicle. When questioned about the bag, he stated, "man, I have nothing to say." A field test returned a presumptive positive result for methamphetamine. Jones denied knowledge of the substance's presence in the car.

```
```

Case: 2:25-mj-00564-EPD Doc #: 1 Filed: 10/08/25 Page: 4 of 4 PAGEID #: 4

10. The evidence was transported to the Noble County Sheriff's Office and weighed approximately 271.79 grams. The Bureau of Criminal Investigation Forensic Lab conducted a chemistry qualitative analysis on the evidence and found the crystalline substance to contain 268.46g +/- .05g of methamphetamine using chemical testing and GC-MS.

11. Based on this information, your affiant believes probable cause exists that HICKS possessed with an intent to distribute a controlled substance in violation of Title 21, United States Code, Section 846 and the offense occurred in Noble County, Ohio, in the Southern Judicial District of Ohio.

_/s/_

FBI SA Karene Reiter

Subscribed and sworn to before me on 8th day of October, 2025.

Elizabeth A. Preston Deavers
United States Magistrate Judge